**Stacey TATROE, Plaintiff–Appellee,**

v.

**Tony WHEELER, Individually and in his Official Capacity as Manager of the Cobb County 9-1-1 Communications Bureau, Defendant–Appellant.**

No. 06–12184.

United States Court of Appeals,
Eleventh Circuit.

March 29, 2007.

George Weaver, Hollberg & Weaver, LLP, Atlanta, GA, Mark A. Adelman, Deb-

---

* Honorable Harvey E. Schlesinger, United States District Judge for the Middle District of Florida, sitting by designation.

1. The Appellee's Motion for Award of Rule 38 Sanctions is DENIED.

orah L. Dance, Cobb County Attorney's Office, Marietta, GA, for Defendant–Appellant.

Alysa Beth–Ann Freeman, Harlan S. Miller, III, Miller, Billips & Ates, P.C., Atlanta, GA, for Plaintiff–Appellee.

Before HULL and MARCUS, Circuit Judges, and BARZILAY,* Judge.

PER CURIAM:

In this interlocutory appeal, Appellant Tony Wheeler challenges the district court's denial of qualified immunity in a suit brought by Appellee Stacey Tatroe, Wheeler's former employee. Tatroe claims that Wheeler retaliated against her for constitutionally protected speech made while she worked as a Cobb County 9–1–1 emergency operator. The district court denied Wheeler's motion for summary judgment, finding that he was not entitled to qualified immunity at this stage of the litigation. On appeal, Wheeler contends that the adverse employment actions alleged by Tatroe were motivated at least in part by lawful considerations and that, therefore, he is entitled to qualified immunity under *Stanley v. City of Dalton,* 219 F.3d 1280, 1294–97 (11th Cir.2000), and *Foy v. Holston,* 94 F.3d 1528, 1534–35 (11th Cir.1996).

After thorough review of the record and having considered oral argument, we affirm. The district court correctly concluded that Wheeler is not entitled to qualified immunity at this stage of the litigation because the record does not *indisputably*

* Honorable Judith M. Barzilay, Judge, United States Court of International Trade, sitting by

indicate that the alleged adverse employment actions taken by Wheeler were motivated, at least in part, by lawful considerations. *See Stanley,* 219 F.3d at 1296 ("A defendant is entitled to qualified immunity under the *Foy* rationale only where, among other things, the record indisputably establishes that the defendant in fact was motivated, at least in part, by lawful considerations."); *Johnson v. City of Fort Lauderdale,* 126 F.3d 1372, 1379 (11th Cir. 1997) ("The holding in *Foy* rested primarily on the existence of an indisputable and adequate lawful motive. . . .").

**AFFIRMED.**